# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.J.-1, K.J.-2, and C.K.**

**No. 17-1074** (Wood County 17-JA-156, 157, and 158)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.K., by counsel Ernest M. Douglass, appeals the Circuit Court of Wood County's November 16, 2017, order terminating his parental rights to K.J.-1, K.J.-2, and C.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jeffrey B. Reed, filed a response on behalf of the children in support of the circuit court's order. The mother, C.J., by counsel Robin S. Bonovitch, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a psychiatric evaluation of K.J.-2, and finding clear and convincing evidence that he committed domestic violence against the mother.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 13, 2017, the DHHR filed a petition against petitioner due to his alleged domestic violence, substance abuse, and sexual abuse of his step-daughter, K.J.-2. While the DHHR investigated the issue of domestic violence, K.J.-2 disclosed to a DHHR worker that petitioner had sexually abused her. The worker terminated the interview and arranged for K.J.-2 to be interviewed at the local child advocacy center. During the forensic interview, K.J.-2 disclosed multiple incidents of sexual abuse by petitioner. The forensic interviewer used nationally accepted protocol for interviewing the child and did not raise any concerns as to the

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as K.J.-1 and K.J.-2 throughout this memorandum decision.

[2] Petitioner raises no specific assignment of error regarding termination of his parental rights.

1

competency of the child. On June 6, 2017, petitioner gave a recorded statement to the police and admitted to sexually abusing K.J.-2 on multiple occasions. K.J.-1 was also interviewed by the forensic interviewer on videotape. On June 23, 2017, the DHHR moved to admit the videotaped interviews of K.J.-1 and K.J.-2 into evidence in lieu of their testimony. On July 28, 2017, petitioner filed a motion for K.J.-2 to undergo a psychiatric evaluation to determine her competency to testify in the proceeding.

On August 2, 2017, the circuit court held a hearing on both motions. Finding no evidence that K.J.-2 was incompetent, the circuit court denied petitioner's motion for a psychiatric evaluation of her. The circuit court also issued a subsequent order finding that the children's videotaped interviews were admissible at the adjudicatory hearing in lieu of their testimony under the West Virginia Rules of Evidence and Rule 8 of the Rules of Procedure for Child Abuse and Neglect Proceedings and that petitioner failed to offer any evidence to rebut the presumption that the potential psychological harm to the children outweighed the necessity of their testimony.[3]

On September 25, 2017, the circuit court held an adjudicatory hearing. At this hearing, the mother testified that in January of 2017, after restricting her activities and keeping her keys and wallet for several days, petitioner slapped her and placed her in a headlock in the presence of their daughter, C.K. After this incident, the mother obtained a protective order against petitioner, but dismissed it after petitioner promised to attend counseling. The mother also testified that she took the children and moved out of the home after petitioner yelled at her in May of 2017. Further, she testified that one week after she moved out of the home, when she was picking up C.K. from visitation with petitioner, he assaulted her by placing her in a headlock while she was feeding C.K. Following that incident, the mother obtained a second protective order.

Petitioner testified at the adjudicatory hearing that the mother was always the aggressor during their incidents of domestic violence and further testified that he never committed any acts of sexual abuse. Petitioner explained that the statements he gave the police regarding the sexual abuse of K.J.-2 were a result of him being under the influence of methamphetamine and coercion by the detective who questioned him. However, despite petitioner's claim that he was high on methamphetamine at the time, he denied abusing drugs or alcohol when giving his statement. Further, the mother, who accompanied petitioner when he gave his statement, testified that she did not observe any signs of drug abuse in petitioner at the time of his statement. Additionally, the circuit court reviewed the videotape of petitioner's police interview and did not observe petitioner to be impaired.

On September 28, 2017, the circuit court issued an order adjudicating petitioner as an abusing parent. The circuit court specifically found clear and convincing evidence that petitioner sexually abused K.J.-2 and that he perpetrated domestic violence against C.J. In regard to finding clear and convincing evidence that petitioner sexually abused K.J.-2, the circuit court noted that

---

[3]Rule 8(a) of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that "there shall be a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and the court shall exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony."

it reviewed both the statement petitioner gave to police and the videotaped statement of the child concerning sexual abuse and the statements were strikingly similar. Multiple instances of sexual abuse were consistent in both petitioner's and the child's statements.

On November 6, 2017, the circuit court held a dispositional hearing wherein it considered petitioner's motion for a post-adjudicatory improvement period and the DHHR's motion to terminate petitioner's parental rights. The circuit court noted that petitioner failed to present any evidence in support of his motion for a post-adjudicatory improvement period and therefore failed to meet the burden under West Virginia Code § 49-4-610(2). The circuit court also noted that petitioner was adjudicated for the sexual abuse of K.J.-2, for which he denied all responsibility. The circuit court found that the DHHR was not required to make reasonable efforts to reunify petitioner with his child based upon the sexual abuse he perpetrated and further found that the abuse of the children and possibility of continued abuse was so great that no services could be offered to improve the issues. Finally, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests. The circuit court ultimately terminated petitioner's parental rights to the children in its November 16, 2017, order.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motion for a psychiatric evaluation of K.J.-2, and, therefore, could not make a proper evaluation of her credibility or competency on which to base its adjudication. Petitioner argues that under *State v. Jones*, 178 W.Va. 519, 362 S.E.2d 330 (1987), the circuit court was required to fully examine the "age, intelligence, capacity and moral accountability" of the child. Petitioner further asserts that

---

[4]According to the DHHR and the guardian, the children reside with their mother, a non-abusing parent. The father of K.J.-1 and K.J.-2 is also a non-abusing parent.

the forensic interviewer "did little to ensure the accuracy of [the child's] statement," that the interviewer did not gauge her "sense of moral accountability to tell the truth," and that there was "no evidence introduced to establish her intelligence either." We find petitioner's argument meritless.

To support his assertion that a psychological examination was necessary, petitioner first cites to law concerning a circuit court's obligations relative to a child witness. K.J.-2, however, was not a witness. Rather, K.J.-2's statement was admitted in lieu of in-person testimony. Rule 8(a) of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that

> all children remain competent to testify in any proceeding before the court as determined by the Rules of Evidence and the Rules of Civil Procedure. However, there shall be a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and the court shall exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony. Further, the court may exclude the child's testimony if (A) the equivalent evidence can be procured through other reasonable efforts; (B) the child's testimony is not more probative on the issue than the other forms of evidence presented; and (C) the general purposes of these rules and the interest of justice will best be served by the exclusion of the child's testimony.

Petitioner offered no evidence below that testifying would not have harmed the child. Moreover, he fails to offer any authority for the proposition that a psychological examination of K.J.-2 was necessary to enable him to rebut the presumption found in Rule 8(a).

Petitioner also challenges the reliability and trustworthiness of the child's statement and the circuit court's admission of the statement under Rule 807 of the West Virginia Rules of Evidence. The circuit court, in conducting an analysis under Rule 807, found that "the statement has equivalent circumstantial guarantees of trustworthiness."[5] We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make some determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997).

---

[5]The circuit court found that the other factors were met, but petitioner does not challenge them. Rule 807 of the West Virginia Rules of Evidence provides that

> [u]nder the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804: (b) the statement has equivalent circumstantial guarantees of trustworthiness; (c) it is offered as evidence of a material fact; (d) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (e) admitting it will best serve the purposes of these rules and the interests of justice.

Accordingly, we find no error in the circuit court's finding that the child's statements in the videotaped interview were reliable.

Furthermore, we have held that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998). The circuit court granted the DHHR's motion to use the videotaped interview of the children pursuant to *In re J.S.*, 233 W.Va. 394, 758 S.E.2d 747 (2014), wherein the Court held, among other things, that videotaped interviews of children are admissible evidence under the residual exceptions to the hearsay rule and that parents do not have "a procedural due process right to confront and cross-examine children during termination of parental rights proceedings." *Id*. at 396, 758 S.E.2d at 750, Syl. Pt. 7, in part. Accordingly, we find no error in the circuit court's admission of the statement under Rule 807.

Petitioner's final contention concerning the psychological examination is that the circuit court's denial of his request for this examination deprived him of the ability to attack K.J.-2's credibility or otherwise contest her statement. Petitioner does not argue that he was denied the opportunity to present evidence at the adjudicatory and dispositional hearings or that he was denied an opportunity to rebut the evidence presented by the DHHR by means other than a psychological evaluation. Indeed, he cites no authority requiring circuit courts to permit psychological evaluations for these purposes. Therefore, we find that petitioner was not deprived of an opportunity to contest the evidence.[6]

Finally, petitioner argues that the circuit court erred in finding clear and convincing evidence that he committed acts of violence against the mother. Petitioner further argues that the mother was the aggressor in their domestic violence disputes. We disagree. We have described the "clear and convincing" standard as one in which

> the evidence in an abuse and neglect case does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014). Here, the circuit court found that the mother testified regarding two domestic violence incidents wherein petitioner was the aggressor and further found that she was the one who went to law enforcement to obtain protective orders against petitioner. The circuit court further found that, while petitioner said that the mother was the aggressor, he took no action to contact law enforcement to obtain a protective

---

[6]In his brief, petitioner makes a misplaced assertion that he initially admitted to certain acts alleged by K.J.-2 in his original statement to police, but did not admit that they were done for purposes of sexual gratification. This assertion contains no authority and is unrelated to his other arguments. Further, petitioner fails to present any argument that he was prejudiced by the statements he made to the police, or that the circuit court erred in considering them, and we decline to address this issue.

order. Based on this evidence, we find no error in the circuit court's finding that he committed acts of violence against the mother.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 16, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker